Scott, J.
Per Curiam. We find no error to the prejudice • of the complainants in review, in the original decree now sought to be reversed, which would justify the reversal of the order of sale. The statute in force when these proceedings took place, provides : “ That if any judgment or judgments, in satisfaction of which any lands or tenements belonging to the party, hath or shall be sold, shall at any time thereafter be reversed, such reversal shall not affect or defeat the title of the purchaser or purchasers; but, in such case, restitution shall be made of the moneys by the judgment creditor, for which such lands or tenements were sold, with lawful interest from 'the day of sale.” Swan’s Stat. of 1841, p. 479.
It is true that it was held in the case of Hubbell v. Adm’rs of Broadwell, 8 Ohio Rep. 120, that where a mortgagee purchases the mortgaged premises, under judicial proceedings had on the mortgage, and continues to hold them until the judicial proceedings are reversed, the mortgagor may redeem the premises ; no new rights having intervened. The court held in that case that the mortgagee was to be regarded as a party merely, and not as a purchaser within the meaning of the statute. But, that was a case in which the sale was ordered at the suit of the mortgagee alone, and for the sole purpose of satisfying his debt. There were no other parties in interest, but the mortgagor and mortgagee; and, as bet tyeen them, full justice *352 could be done, after reversal. But the case here, stands otherwise. These premises were sold, under proceedings instituted for that purpose, by lienholders other than Longworth; in fact, by the complainants themselves. The sale was ordered at their suit, and on the cross petition of other parties as well as that of Longworth. Large portions of the proceeds of sale have been distributed under the order of the court, to other parties, who may now be insolvent. Under these circumstances we think Longworth is to be regarded as a purchaser; and entitled to the protection which it was the policy of the statute to aftord to purchasers at judicial sales.
Still, errors m the distribution of the proceeds of sale, may well be corrected, on'review, when the necessary parties are before the court. The only parties complaining here, are McBride & Murphy, whose lien, by the decree fixing priorities, and making distribution, was postponed to those of Long-worth and Young.
It is alleged, that in ascertaining the amount of Longworth’s lien, credit was not given for the $200 note of Einkbine, which had been transferred in payment to Longworth; and that the court erred in giving the penalties allowed to Longworth and Young precedence over complainants’ lien.
We have had a careful computation made of the amount of Longworth’s claim, at the date of the decree of distribution (July 28, 1851), and find it to be $7623 87, exclusive of penalty. He was allowed on distribution, including penalty," $7815 03, being an excess over the amount of his lien of $191 16. .
In the distribution, a penalty of $98 48 was also allowed to Young. However properly these penalties may have been allowed as against the debtor, Johnson, who had appealed the case, and who is not complainant here, yet they were no part of the debts secured by the mortgages of the parties, and were not entitled to preference in their payment over the complainants’ lien. The right to the penalties accrued in consequence of the appeal; while complainants had a specific lien of a much older date.
■ We think there was error in the decree of distribution which *353 gave to Longworth $191 16, and to Young $98 48, which should have been decreed to complainants.
To this extent the decree of distribution will be reversed, and a decree entered, requiring the payment to complainants of these sums by the parties improperly obtaining them, with interest upon them severally since July 28, 1851.